IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANITA COATS,                                    *
                                                *
        Plaintiffs,                             *
                                                *
VS.                                             *        CV 09-380
                                                *
BANK OF AMERICA; EQUIFAX                         *
INFORMATION SERVICES, LLC;                       *
EXPERIAN INFORMATION SOLUTIONS,                  *
INC.; and TRANSUNION, LLC,                       *
                                                *
        Defendants.                             *

## COMPLAINT

COMES NOW Anita Coats, by and through her undersigned attorney, and for her Complaint against all Defendants named in the above-styled matter, show as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. §1681p and 28 U.S.C. 1367. Plaintiff also asserts state claims as to which this Court has pendant jurisdiction.

### PRELIMINARY STATEMENT

This case arises from the actions taken by Defendant Bank of America to attempt to collect a debt which is not owed by the Plaintiff. These attempts arise from accounts fraudulently opened by Plaintiff's ex-husband, now deceased. Plaintiff has repeatedly informed Bank of America that she has never agreed to be liable on these accounts. Plaintiff has also initiated disputes through the consumer reporting agencies ("CRAs") which are reporting these accounts as belonging to her. In addition to wrongfully reporting these accounts on Plaintiff's credit report, Bank of America has also engaged in a campaign of harassing phone calls made to Plaintiff's home aimed at coercing payment even though Bank of America knows there exists no application or other document whereby Plaintiff indicates that she agrees to be responsible for this debt. Plaintiff asserts various claims against Bank of America under federal law for Bank of America's failure to comply with the requirements of the Fair Credit Reporting Act ("FCRA"), 15. U.S.C. 1681, as well as state law claims. Plaintiff also

asserts FCRA claims against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc. and Transunion, LLC, for their failure, after receiving Plaintiff's disputes, to remove credit information from Plaintiff's file pertaining to the false Bank of America debt.

## PARTIES

1.      Plaintiff is an adult resident of Mobile County, Alabama.

2.      Defendant Bank of America ("BOA") is, upon information and belief, a corporation with is its principal place of business in the state of North Carolina, but at all times relevant hereto conducted business in state of Alabama.

3.      Defendant Experian Information Solutions, Inc. ("Experian") is a corporation formed under the laws of the State of Ohio and has its principal place of business in the State of Ohio.

4.      Defendant Equifax Information Systems, Inc. ("Equifax") is a corporation formed under the laws of the State of Georgia and has its principal place of business in the State of Georgia.

5.      Defendant Transunion, LLC ("Transunion") is a company formed under the laws of the State of Delaware and has its principal place of business in the State of Illinois.

6.      Defendants Experian. Equifax and Transunion are all consumer reporting agencies and are sometimes jointly referred to herein as "CRA Defendants."

## BACKGROUND FACTS

7.      Plaintiff lives in Mobile County.  She was married to Robert B. Coats until 2006 when, after a lengthy separation, they were divorced.  Prior to the divorce and during their separation, Ms. Coats became aware that Robert had, without her knowledge or consent, added her as a legally responsible party to his  Bank of America  credit card account.  She did not intend to be jointly responsible for Robert's credit card account.  She never signed any document nor took any other action indicating that she agreed to be a co-responsible party on his credit card debt.  Soon after she found out that she had been added to the account, Plaintiff contacted BOA and notified them that she was wrongfully added to the account and she told BOA that she had no intention of being jointly

2

responsible for any credit card debt held by Robert.  After she explained the situation, the BOA representative indicated that her name would be removed from the account.

8.	Plaintiff's divorce with Robert Coats was finalized December 20, 2006.  BOA was notified of the divorce in January 2007.

9.	Several months later, Plaintiff attempted to refinance her home.  In the course of attempting to obtaining the refinance, Plaintiff discovered that BOA was reporting on her credit file at least two delinquent credit card accounts opened by Robert.  One account was designated by an account number beginning with 4889 (hereinafter "Account 4889").  This was the account which was opened by Robert, who then added Plaintiff as a liable party without her permission, as described above.  The other account was designated by account number beginning with 3746 (hereinafter "Account 3746").  It was then that Plaintiff learned that not only had BOA failed to remove her name from Robert's existing account, but had allowed Robert to open a new account, after the divorce, with her fraudulently listed as a responsible party.

10.	This new account (Account 3746) was opened in February 2007.  Plaintiff did not give Robert or BOA her permission to open this account, nor did she sign any document indicating that she agreed to be a responsible party.  To the contrary, BOA allowed this account to be fraudulently opened despite it's knowledge that Plaintiff had not given Robert Coats permission to add her to any accounts, that she was no longer married to Robert and that Robert had previously added her name to a credit account without her permission.  Because these delinquent accounts were reported on Plaintiff's credit report by BOA, Plaintiff was prevented from refinancing her home.

11.	Plaintiff confronted Robert about the opening of this fraudulent account and he admitted to her that he used her information to obtain the credit card account.  He also agreed to help her try to correct the problem.  Robert contacted BOA, confirmed that Plaintiff did not agree to be liable on the accounts and he requested that her name be removed.  Plaintiff also requested that the credit bureaus place fraud alerts on her credit file.

12.	In response to the requests made by Robert to have Plaintiff removed from his

3

accounts, BOA initially indicated that Plaintiff's name would be removed upon completion of the necessary forms. After the forms were completed and submitted, however, BOA notified Plaintiff and Robert that Plaintiff could not be removed from the account because Robert's credit was not good enough to qualify as a sole liable party. At this time BOA knew and even acknowledged that Plaintiff did not consent to be liable for these accounts. Despite this knowledge, BOA insisted that Plaintiff remain on the accounts - not because there was any evidence of her consent, but solely because it was afraid Robert could not pay the debt.

13.    In the meantime, Plaintiff had several phone conversations with BOA representatives about these accounts. At one point, a BOA representative agreed that had no proof in their file that she had agreed to be responsible for these accounts and she was told by at least one representative that she did not owe the debt. Also, even though BOA refused to remove Plaintiff from Robert's accounts, it took no affirmative action to try collect any debt relating to the BOA accounts from her.

14.    Robert Coats died on September 23, 2008 and BOA's behavior regarding these accounts changed dramatically. Shortly after BOA was notified of his death, BOA began a very aggressive telephone collection campaign in an attempt to coerce Plaintiff to pay this debt. BOA's representatives called as much as 6 times per week and were often rude. Plaintiff repeatedly explained, as she had done previously, that these were not her accounts and that she did not agree to be legally responsible. She also requested proof that she was liable. The BOA collectors insisted that she was liable and demanded payment, although no one at BOA ever provided any proof that Plaintiff agreed to be responsible for this debt. In addition to making numerous collection calls from its internal collections department, BOA also referred the debt to at least one third-party debt collector which began its own telephone campaign to attempt to coerce Plaintiff to pay.

15.    Throughout all of this time, BOA continued to report both delinquent accounts on Plaintiff's credit file maintained by all three CRA Defendants. In January 2009, Plaintiff submitted written dispute of the reporting to Equifax. In response to the dispute, Equifax verified the reporting and refused to remove the fraudulent accounts from Plaintiff's credit file. Upon information and

4

belief, Plaintiff's dispute was forwarded to BOA and BOA requested that the tradeline be verified. Neither Equifax nor BOA performed any reasonable or proper investigation of the dispute prior to the verification of the information. Upon information and belief, Equifax merely parroted BOA's response to the dispute without performing any independent investigation.

16.     All three CRA Defendants continue to include these fraudulent accounts on Plaintiff's credit report. The reporting that Plaintiff was responsible for these accounts was at all times false and unverifiable.

17.     On or about April 17, 2009, Plaintiff again provided written disputes to each of the three CRA Defendants, advising them that she never agreed to be legally responsible for these accounts and requesting that the reporting be deleted.

18.     Upon information and belief, the CRA Defendants forwarded Plaintiff's April 2009 dispute to BOA. In addition, Plaintiff mailed to BOA directly a complete copy of each of her April 2009 disputes, along with all attachments included with the original disputes. She included a cover letter repeating her request that the reporting be deleted.

19.     Despite the lack of any documentation demonstrating Plaintiff's agreement to be liable for these accounts and the fact that the information being reported was false and unverifiable, all three CRA Defendants verified the reporting and continued to report false and derogatory information on her credit file relating to these "charged off" balances. This reporting was not based on any independent or reasonable investigation of the information provided by Plaintiff. Instead, the verifications resulted from the automated parroting of the false and baseless reporting by BOA that Plaintiff is legally responsible on these accounts.

20.     Plaintiff has and continues to suffer damage as a result of this false and derogatory reporting and the Defendants' failure to properly investigate her disputes and remove the reporting.

## COUNT ONE
### (FCRA VIOLATIONS BY BOA)

21.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

5

22.     This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

23.     Defendant BOA furnishes credit information to consumer credit reporting agencies as those terms are defined by FCRA.  BOA is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

24.     At all relevant times, BOA provided derogatory and false credit information to the CRA Defendants.  This false and derogatory information was reported by the CRAs, including the CRA Defendants to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

25.     As stated above, Plaintiff has notified the CRA Defendants of her dispute of the false information being reported by BOA.  Upon information and belief, each dispute was forwarded to BOA by the CRAs.  Also, as stated above, Plaintiff provided BOA a copy of her disputes.

26.     Information was available to BOA that should have, upon a reasonable investigation, informed BOA that the reporting of charged off debt or of any delinquency owed by Plaintiff was false.

27.     Despite its knowledge that the information being reported on Plaintiff's credit file was false and unverifiable, BOA repeatedly verified the false and derogatory information as accurate, knowing that by doing so Plaintiff's creditworthiness would be damaged.

28.     BOA has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b). These actions include, but are not limited to, the following:

A.     Failing to fully, properly or reasonably investigate the Plaintiff's dispute of the reporting of the false and derogatory information;

B.     Failing to review all relevant information regarding Plaintiff's dispute and/or by disregarding that information after review;

C.     After receiving notice of Plaintiff's dispute, continuing to submit false and

6

derogatory information to the CRA Defendants regarding the alleged debt. BOA knew that information to be false, incomplete and/or not verifiable.

D.    Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which BOA knew to be false, incomplete and/or not verifiable.

E.    Failing to accurately respond to Plaintiff's disputes made through the CRA Defendants after receipt of that dispute.

29.    As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

30.    BOA's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

31.    BOA's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BOA for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT TWO
### (INVASION OF PRIVACY)

32.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

33.    The actions taken by BOA in an attempt to collect this fraudulent debt, including its campaign of harassing phone calls to Plaintiff's home in attempting to collect from Plaintiff monies not owed and its providing of false information to debt collections who also contacted Plaintiff, constitute a wrongful invasion of Plaintiff's privacy. Defendants' actions caused wrongful intrusion upon Plaintiff's home which has disrupted and harmed Plaintiff in such a manner as to cause outrage,

7

mental suffering, shame and humiliation to any person with ordinary sensibilities.

34.     This claim is not premised on any act or omission made by BOA regarding credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BOA for invasion of privacy and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (NEGLIGENCE)

35.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

36.     BOA at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing the subject BOA accounts.  This included the duty to take reasonable measures to ensure that persons, such as Plaintiff, would not be added to existing accounts without their consent and knowledge; and to ensure that knew accounts were not fraudulently created in the names of persons who did not give their consent.  BOA also owed Plaintiff a duty not to attempt to collect sums against Plaintiff which it knew or should have known were not actually owed by Plaintiff.  BOA also owed a duty not to engage in unreasonable collection efforts aimed at harassing Plaintiff and coercing her to pay debts she did not owe.

37.     BOA breached the duties owed to Plaintiff.  The collection actions taken against Plaintiff and BOA's management of Plaintiff's account constitute negligence.

38.     This claim is not premised on any act or omission made by BOA regarding credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BOA for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

8

## COUNT FOUR
### (WANTONNESS)

39.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out

herein.

40.     The actions taken by BOA in managing the subject BOA accounts, allowing Plaintiff

to be added as a responsible party without her consent or knowledge, and BOA's actions in

attempting to collect from Plaintiff amounts not owed, all constitute wantonness. Those actions were

made with the knowledge that Plaintiff did not owe the debt and with a wanton, reckless or

conscious disregard for the Plaintiff's rights and well-being.   Plaintiff suffered damage as a

proximate result of BOA's wantonness.

41.     This claim is not premised on any act or omission made by BOA regarding

credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BOA

for wantonness and award Plaintiff compensatory damages, including damages for mental anguish

and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such

other relief as the Court deems just and proper, the premises considered.

## COUNT FIVE
### (DEFAMATION)

42.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out

herein.

43.     BOA published false and defamatory information to third parties, stating that Plaintiff

had defaulted on accounts, and owed substantial "charged-off" balances on those accounts, when

BOA knew or should have known that Plaintiff was fraudulently added to those accounts. Plaintiff

repeatedly requested that BOA cease this reporting. The third parties to whom this false information

was published included the CRA Defendants, other consumer reporting agencies and all persons or

entities who reviewed the credit reports containing that false information.

44.     In addition to the publication through the CRA Defendants, BOA also published this

9

false and defamatory information to at least one third-party debt collector. This constitutes defamation separate and apart from the publication to the CRA Defendants and Plaintiff suffered damages as a result of this defamation.

45.    As a result of the publication of this false and derogatory information, Plaintiff suffered damage to reputation; loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain and anguish, humiliation, anxiety and embarrassment of credit denials.

46.    The defamatory conduct, actions and inactions of BOA were malicious, willful, deliberate and intentional. The defamation was conducted with malice and/or with willful intent to injure Plaintiff and to coerce her to pay a debt she did not owe.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant BOA for defamation and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT SIX
## (FCRA VIOLATIONS BY EQUIFAX)

47.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

48.    This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Equifax pursuant to 15 U.S.C. § § 1681o and 1681n.

49.    Defendant Equifax is a "consumer reporting agency" as that term is defined in FCRA.

50.    Equifax has reported false and derogatory credit information relating to Plaintiff's BOA accounts. This information was reported to third parties, including Plaintiffs' potential lenders and others who may be in a position of evaluating Plaintiffs' creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Equifax to said third parties by a "consumer report" as that term is defined in the FCRA.

51.     Plaintiff, on multiple occasions, notified Equifax that the information being reported on her credit file was false.

52.     Equifax failed in its duty to reasonably investigate Plaintiff's disputes and/or has merely parroted the false information supplied by BOA, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

53.     Defendant Equifax failed to comply with the requirements of the FCRA in one or more of the following ways:

A.     By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B.     By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.     By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified.

D.     By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681.

E.     By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

54.     As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

55.     Equifax's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. §1681n.

56.     Equifax's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiffs to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Equifax for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT SEVEN
### (FCRA VIOLATIONS BY EXPERIAN)

57.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

58.     This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Experian pursuant to 15 U.S.C. § § 1681o and 1681n.

59.     Defendant Experian is a "consumer reporting agency" as that term is defined in FCRA.

60.     Experian has reported false and derogatory credit information relating to Plaintiff's BOA accounts. This information was reported to third parties, including Plaintiffs' potential lenders and others who may be in a position of evaluating Plaintiffs' creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Experian to said third parties by a "consumer report" as that term is defined in the FCRA.

61.     Plaintiff, on multiple occasions, notified Experian that the information being reported on her credit file was false.

62.     Experian failed in its duty to reasonably investigate Plaintiffs' disputes and/or has merely parroted the false information supplied by BOA, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

12

63.     Defendant Experian failed to comply with the requirements of the FCRA in one or more of the following ways:

A.      By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B.      By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.      By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified.

D.      By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681.

E.      By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

64.     As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

65.     Experian's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

66.     Experian's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Experian for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further

13

requests such other relief as the Court deems just and proper, the premises considered.

## COUNT EIGHT
### (FCRA VIOLATIONS BY TRANSUNION)

67.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

68.    This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Transunion pursuant to 15 U.S.C. § § 1681o and 1681n.

69.    Defendant Transunion is a "consumer reporting agency" as that term is defined in FCRA.

70.    Transunion has reported false and derogatory credit information relating to Plaintiff's BOA accounts. This information was reported to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Transunion to said third parties by a "consumer report" as that term is defined in the FCRA.

71.    Plaintiff, on multiple occasions, notified Transunion that the information being reported on her credit file was false.

72.    Transunion failed in its duty to reasonably investigate Plaintiff's disputes and/or has merely parroted the false information supplied by BOA, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

73.    Defendant Transunion failed to comply with the requirements of the FCRA in one or more of the following ways:

A.    By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B.    By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including,

but not limited to, the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.     By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified.

D.     By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681.

E.     By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

74.     As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

75.     Transunion's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. §1681n.

76.     Transunion's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Transunion for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

KENNETH J. RIEMER
Attorney for Plaintiff
Post Office Box 1206
Mobile, AL 36633
(251) 432-9212
(251) 433-7172 (fax)
kjr@alaconsumerlaw.com


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Bank of America
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Equifax Information Services, LLC
CSC Lawyers Incorporating Svc. Inc.
150 S Perry Street
Montgomery, AL  36104

Experian Information Solutions, Inc.
P. O. Box 2002
Allen, TX 75013

Transunion, LLC
P. O. Box 2000
Chester, PA 19022-2000

16