IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITA COATS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-09-380 |
| ) | |
| BANK OF AMERICA; EQUIFAX ) | |
| INFORMATION SERVICES, LLC; ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., and TRANSUNION ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S ANSWER
## TO PLAINTIFF'S COMPLAINT

COMES NOW FIA Card Services, N.A., improperly named in Plaintiff's Complaint as "Bank of America," and hereby responds to Plaintiff's Complaint as follows:

### JURISDICTION

In response to Plaintiff's paragraph under heading "JURISDICTION," Defendant FIA Card Services, N.A., ("FIA" or "Defendant") states that no response is required. However, to the extent that jurisdictional issues exist or arise in the future, the Defendant reserves the right to contest jurisdiction.

### PRELIMINARY STATEMENT

In response to Plaintiff's paragraph under the heading entitled "PRELIMINARY STATEMENT," this Defendant denies the allegations contained in that paragraph and demands strict proof thereof.

## PARTIES

1. Defendant FIA lacks sufficient information to admit or deny this paragraph.

2. Denied. FIA is a federally chartered national bank with its headquarters in Wilmington, DE.

3. No response is required from this Defendant.

4. No response is required from this Defendant.

5. No response is required from this Defendant.

6. No response is required from this Defendant.

## BACKGROUND FACTS

7. To the extent this paragraph implies any liability on the part of FIA, this paragraph is denied.

8. Defendant FIA lacks sufficient information to admit or deny this paragraph, and therefore it is denied.

9. To the extent this paragraph implies any liability on the part of FIA, this paragraph is denied.

10. Defendant FIA denies paragraph 10 and demands strict proof thereof.

11. Defendant FIA lacks sufficient information to admit or deny this paragraph and therefore it is denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT ONE
## (FCRA VIOLATIONS BY BOA)

21. This Defendant denies the allegations in this Complaint and reasserts all affirmative defenses as if set forth fully herein.

22. To the extent this paragraph implies any liability on the part of FIA, this paragraph is denied.

23. To the extent this paragraph implies any liability on the part of FIA, this paragraph is denied.

24. Denied.

25. To the extent this paragraph implies any liability on the part of FIA, this paragraph is denied.

26. To the extent this paragraph implies any liability on the part of FIA, this paragraph is denied.

27. Denied.

28. FIA denies paragraph 28, including sub-parts A, B, C, D, and E.

29. Denied.

30. Denied.

31. Denied.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE," this Defendant denies this paragraph and denies any liability whatsoever in this case.

## COUNT TWO
## (INVASION OF PRIVACY)

32. This Defendant denies the allegations in this Complaint and reasserts all affirmative defenses as if set forth fully herein.

33. Denied.

34. Denied.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE," this Defendant denies this paragraph and denies any liability whatsoever in this case.

## COUNT THREE
## (NEGLIGENCE)

35. This Defendant denies the allegations in this Complaint and reasserts all affirmative defenses as if set forth fully herein.

36. To the extent this paragraph implies any liability on the part of FIA, this paragraph is denied.

37. Denied.

38. Denied.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE," this Defendant denies this paragraph and denies any liability whatsoever in this case.

## COUNT FOUR
## (WANTONNESS)

39. This Defendant denies the allegations in this Complaint and reasserts all affirmative defenses as if set forth fully herein.

40. Denied.

41. Denied.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE," this Defendant denies this paragraph and denies any liability whatsoever in this case.

## COUNT FIVE
## (DEFAMATION)

42. This Defendant denies the allegations in this Complaint and reasserts all affirmative defenses as if set forth fully herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

Regarding the unnumbered paragraph beginning with the word "WHEREFORE," this Defendant denies this paragraph and denies any liability whatsoever in this case.

## COUNT SIX
## (FCRA VIOLATIONS BY EQUIFAX)

47-56. These paragraphs contain allegations against another party. Thus, no response is required from this Defendant. To the extent these paragraphs imply any liability on the part of this Defendant, these paragraphs are denied.

## COUNT SEVEN
## (FCRA VIOLATIONS BY EXPERIAN)

57-66. These paragraphs contain allegations against another party. Thus, no response is required from this Defendant. To the extent these paragraphs imply any liability on the part of this Defendant, these paragraphs are denied.

## COUNT EIGHT
## (FCRA VIOLATIONS BY TRANSUNION)

67-76. These paragraphs contain allegations against another party. Thus, no response is required from this Defendant. To the extent these paragraphs imply any liability on the part of this Defendant, these paragraphs are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action against FIA upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

FIA specifically denies each and every material averment and allegation set forth in Plaintiff's Complaint not expressly admitted and demands strict proof thereof.

## THIRD AFFIRMATIVE DEFENSE

FIA expressly denies that it is guilty of any wrongdoing and demands strict proof thereof.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove each and every element necessary to support her claims against FIA.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against FIA are barred and/or preempted, in whole or in part, by applicable federal law, including, but not limited to, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the National Bank Act, 9 U.S.C. § 21, *et seq.*

### SIXTH AFFIRMATIVE DEFENSE

Defendant FIA complied with FCRA in all material respects and asserts all defenses and limitations of liability available under FCRA.

### SEVENTH AFFIRMATIVE DEFENSE

Equities preclude Plaintiff's claims advanced and relief sought from this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

FIA pleads privilege and qualified privilege.

### NINTH AFFIRMATIVE DEFENSE

FIA pleads justification and qualified justification.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with all conditions precedent.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims and causes of action against FIA are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against FIA are barred, in whole or in part, by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims and causes of action against FIA are barred, in whole or in part, by the doctrine of unjust enrichment.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against FIA are barred, in whole or in part, by the doctrine of ratification.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against FIA are barred, in whole or in part, by the voluntary payment doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action are barred, in whole or in part, by the terms and conditions of the governing contractual documents.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has not incurred or experienced any actual damages including, but not limited to, mental anguish damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In the alternative, any actual damages that the Plaintiff may have incurred (the existence of which are denied) are the result of acts or omissions of individuals or entities other than FIA, and for which FIA is not legally responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff cannot recover damages, including those for alleged mental anguish, from FIA.

### TWENTIETH AFFIRMATIVE DEFENSE

FIA specifically denies that it is liable for the invasion of privacy or that Plaintiff can make the necessary showing that this Defendant is liable for invasion of privacy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

FIA pleads that there is an intervening efficient cause between any activity on the part of FIA and Plaintiff's alleged injuries and damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

At all times FIA acted in good faith and without malice or intent to injure the Plaintiff. Plaintiff cannot make a necessary showing for defamation.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

At all times FIA acted in a reasonable manner in connection with the transactions at issue.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

At all times FIA acted in accord with reasonable commercial standards.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any decisions regarding the account card agreement(s) and/or account(s) at issue were made in good faith, pursuant to the terms of the account card agreement(s) and based upon a full investigation and review of the facts made available to FIA.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any information allegedly furnished, reported, or transmitted by this Defendant concerning the Plaintiff was done without knowledge as to the alleged inaccuracy of the information and without reckless disregard as to whether the information was accurate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any information allegedly furnished, reported, or transmitted by this Defendant concerning the Plaintiff was done without reasonable cause to believe that the information was inaccurate.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

FIA has not willfully or maliciously furnished, reported, or transmitted any false, inaccurate, incomplete, or improper information with respect to the Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

FIA is not liable, because it acted in good faith and complied fully with all applicable rules, regulations, laws, and statutory interpretations.

## THIRTIETH AFFIRMATIVE DEFENSE

At all times, FIA maintained the reasonable procedures to respond to credit and dispute notices.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against FIA are barred, in whole or in part, as any alleged violation of laws was not intentional and resulted from bona fide error, notwithstanding the maintenance or procedures reasonably adapted to avoid any such error.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against FIA are barred, in whole or in part, as an alleged violation of law was due to a mistake of law notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, ALA. CODE (1975), et seq.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the United States Constitution, including the Eighth and Fourteenth Amendments.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim of punitive damages violates the Alabama Constitution, including Article I §§ 1, 6, 7, 13, 15, and 22.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

An award of punitive damages will violate this Defendant's rights to due process of law under the United States Constitution and the Constitution of Alabama of 1901.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent that it violates and/or contravenes the holding of the United States Supreme Court in ruling on the cases of BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), and Cooper Indus. Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed. 2d 674 (2001).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent that they violate or contravene the United States Supreme Court's holding in the case of Phillip Morris USA v. Williams, 127 S.Ct. 1057 (2007).

## FORTIETH AFFIRMATIVE DEFENSE

FIA reserves the right to assert any affirmative defense that may be discovered during the course of additional investigation and discovery.

Respectfully submitted,

/s/ James C. Huckaby, Jr.
James C. Huckaby, Jr.
Attorney for Defendant FIA, N.A.

**OF COUNSEL:**
Christian & Small LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Phone: (205) 795-6588
Fax: (205) 328-7234

## CERTIFICATE OF SERVICE

This is to certify that on this the **28th** day of **August, 2009**, a copy of the foregoing document has been served upon counsel for all parties to this proceeding electronically via the CM/ECF system.

Kenneth J. Reimer, Esq.
166 Government Street, Suite 100
Mobile, AL 36602
*Attorney for Plaintiff*

Keasha Ann Broussard, Esq.
KING & SPALDING, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
*Attorney for Defendant Equifax Information Services, Inc.*

Jeffrey Uhlam Beaverstock, Esq.
BURR & FORMAN, LLP
P.O. Box 16046
Mobile, AL 36616
*Attorney for Defendant TransUnion, LLC*

L. Jackson Young, Jr.
Ferguson, Frost, & Dodson, LLP
P.O. Box 430189
Birmingham, AL 35243
*Attorney for Defendant Experian Information Solutions*

/s/ James C. Huckaby, Jr.
Of Counsel