IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITA COATS, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   CV 09-380-KD-C |
| | ) |
| BANK OF AMERICA; EQUIFAX | ) |
| INFORMATION SERVICES, LLC; | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; and | ) |
| TRANSUNION, LLC, | ) |
| | ) |
|    Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Fed.R.Civ.P. 26(f), a meeting was held on August 31, 2009, via telephone, and was attended by:

Kenneth J. Riemer, attorney for Plaintiff.
James C. Huckaby, Jr., attorney for Defendant FIA Card Services, NA improperly named in the Complaint as "Bank of America."
K. Ann Broussard, attorney for Defendant Equifax Information Services, LLC
Brooke Werner McEckron, attorney for Experian Information Solutions, Inc.
Jeffrey U. Beaverstock, attorney for Transunion, LLC

The parties do not request a conference with the court before entry of the scheduling order.

1.     Plaintiffs' brief narrative statement of the facts and the causes of action:

This case arises from the actions taken by Defendant Bank of America to attempt to collect a debt which is not owed by the Plaintiff. These attempts arise from accounts fraudulently opened by Plaintiff's ex-husband, now deceased. Plaintiff has repeatedly informed Bank of America that she has never agreed to be liable on these accounts. Plaintiff has also initiated disputes through the consumer reporting agencies ("CRAs") which are reporting these accounts as belonging to her. In addition to wrongfully reporting these accounts on Plaintiff's credit report, Bank of America has also engaged in a campaign of harassing phone calls made to Plaintiff's home aimed at coercing payment even though Bank of America knows there exists no application or other document whereby Plaintiff indicates that she agrees to be responsible for this debt. Plaintiff asserts various claims against Bank of America under federal law

    for Bank of America's failure to comply with the requirements of the Fair Credit Reporting Act ("FCRA"), 15. U.S.C. 1681, as well as state law claims. Plaintiff also asserts FCRA claims against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc. and Transunion, LLC, for their failure, after receiving Plaintiff's disputes, to remove credit information from Plaintiff's file pertaining to the false Bank of America debt.

2. <u>Defendants' brief narrative statements of the facts and defenses, including affirmative defenses:</u>

**Experian:**

Plaintiff Anita Coats alleges that Experian reported inaccurate consumer credit information regarding the Bank of America account. Plaintiff also alleges that Experian failed in its duty to reasonably reinvestigate Plaintiff's consumer credit disputes.

Experian is a consumer reporting agency, as that term is defined in the FCRA. Experian maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports.

Upon information and belief, Experian accurately reported credit information with regard to the Plaintiff. Experian investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those re-investigations to Plaintiff.

Except as admitted in Experian's Answer to Plaintiff's Complaint, Experian denies each and every allegation of Plaintiff's Complaint as those allegations pertain to Experian. Even if Plaintiff has suffered any compensable damages, Experian is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies. Additionally, Experian did not in any way violate or fail to abide by the FCRA and, Experian should be dismissed form this lawsuit.

Experian's investigation into the facts and circumstances of this case is on-going, and, therefore, Experian cannot comment on the factual allegations at this time. Furthermore, because Plaintiff has named three other defendants in this case, Experian is not currently in possession of all the facts related to this case. As a result, this statement is based on facts currently known to Experian. Experian makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Transunion:**

As discovery has yet to comment, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Trans Union can however state the following:

Plaintiff has alleged that Trans Union reported untrue and inaccurate information pertaining to Bank of America accounts and failed to reinvestigate and remove information pertaining to Bank of America accounts. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff. Further Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff. Trans Union will show that any alleged damage suffered by Plaintiff was not caused by Trans Union. Trans Union has not acted with malice or intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff and Trans Union has fully complied with the FCRA.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff and the three other defendants named in this case. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Equifax:**

Plaintiff Anita Coats alleges that Equifax failed to follow reasonable procedures to assure maximum possible accuracy by reporting inaccurate consumer credit information regarding certain accounts (specifically, Bank of America) on her credit file. Plaintiff also alleges that Equifax failed in its duty to reasonably reinvestigate Plaintiff's consumer credit disputes directed to Equifax.

Equifax is a consumer reporting agency, as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq., and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f). Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers.

Upon information and belief, Equifax accurately reported credit information with regard to the Plaintiff. Equifax investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those reinvestigations to Plaintiff.

Except as admitted in Equifax's Answer to Plaintiff's Complaint, Equifax denies each and every allegation of Plaintiff's Complaint as those allegations pertain to Equifax. Even if Plaintiff has suffered any compensable damages, Equifax is not

responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

Equifax's has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to Equifax. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**FIA Card Services, N.A.:**

Plaintiff improperly names Bank of America as a defendant in the Complaint. FIA Card Services, N.A. ("FIA") is the proper defendant based on the account information provided.

Plaintiff alleges this defendant violated FCRA and other state law claims in the handling of the referenced credit card accounts. FIA denies any liability for its actions. FIA acted reasonably and in good faith and is not guilty of the violations alleged by the plaintiff. FIA did not harass the plaintiff and did not cause the damages alleged by the plaintiff.

FIA has not completed its investigation concerning the facts and circumstances surrounding this case and this statement of facts and defenses is based on facts currently known to FIA. FIA makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

3. This jury action should be ready for trial by June 2010, and at this time is expected to take approximately two (2) days.

4. The parties request a pretrial conference in May 2010.

5. Discovery Plan.

   A. Plaintiffs will need discovery on the following:

   -All matters related to Defendant's credit reporting and other collections actions taken regarding Plaintiff and the account identified in the Complaint;

   -All matters relating to the allegations made in the Complaint;

   -All matters relating to the management and history of the subject credit card accounts and the relationship between FIA Card Services, N.A. and Bank of America as it relates to said accounts and the corresponding credit reporting;

   -All matters related to defenses asserted by Defendant;

-All matters relating to the Defendant's discovery responses and documents produced.

-All matters related to the denial of credit and other damages suffered by Plaintiff;

-All matters related to actions taken by Defendants in the reporting and/or collection of the accounts identified in the Complaint;

-Applicable policies and procedures of Defendants with regard to collections, credit reporting, investigation of disputes, account management and acquisition and assignments of accounts; and -Any expert testimony identified by Defendants.

B.   Defendants will need discovery on the following:

**Experian:**

(a)   The allegations made in Plaintiff's complaint;

(b)   The facts and circumstances of the underlying disputed account, including Plaintiff's disputes with Experian and U.S. Bank;

(c)   Plaintiff's alleged damages, including any third parties who have allegedly denied Plaintiff credit;

(d)   Any expert testimony identified by Plaintiff.

**Transunion:**

(a)   Facts and circumstances surrounding each and every allegation in Plaintiff's complaint;

(b)   Plaintiff's financial and consumer history, including Plaintiff's deposition and third-party discovery and depositions;

(c)   Plaintiff's alleged damages, including any records subpoenas and depositions that may be needed regarding those damages;

(d)   The facts and circumstances surrounding each Bank of America account which Plaintiff disputes, including documents relating to each account; and

(e)   Any third parties who have allegedly denied Plaintiff credit.

**Equifax:**

(a) The allegations made in Plaintiff's complaint;

(b) The facts and circumstances of the underlying disputed account, including Plaintiff's disputes with Experian and U.S. Bank;

(c) Plaintiff's alleged damages, including any third parties who have allegedly denied Plaintiff credit;

(d) Any expert testimony identified by Plaintiff

**FIA Card Services, N.A.:**

(a) Facts and circumstances surrounding each and every allegation in Plaintiff's complaint;

(b) Plaintiff's alleged damages, including any records, subpoenas, and depositions that may be needed regarding those damages;

(c) Discovery regarding plaintiff and co-applicant's credit history and financial history.

(d) All discovery related to the defenses asserted in the defendant's Answer.

6. All discovery will be commenced in time to be completed by February 26, 2010.

7. Initial Disclosures. The parties will exchange within ten (10) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

8. The parties request until November 16, 2009 to join additional parties and amend the pleadings.

9. Reports from retained experts under Rule 26(a)(2) due:

   from Plaintiffs by December 15, 2009.
   from Defendants by January 15, 2010.

10. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by April 15, 2010.

11. Discovery Limits.

   Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

>Maximum of 4 depositions by Plaintiff, including a 30(b)(6) representative deposition, per defendant, and a maximum of 8 non-party (i.e. of witnesses not employed by or affiliated with a party) depositions. Each Defendant is limited to 8 depositions. Each deposition is limited to maximum of 8 hours unless extended by agreement of parties.
>
>Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.
>Maximum of 30 (total) requests for production of documents by each party to any other party. Responses due 30 days after service.

12. All potentially dispositive motions filed by March 26, 2010.

13. Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: Mediation.

14. The parties anticipate significant electronic discovery issues; the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

    (a) The production of ESI should be done in .PDF format.

    (b) If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

    (c) The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel or records). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

Date: September 1, 2009

 s/ Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)
One of the Attorneys for Plaintiffs
Post Office Box 1026 Mobile, Alabama 366330
Phone: (251) 432-9212
Fax: (251) 433-7177
kjr@alaconsumerlaw.com

*s/* James C. Huckaby, Jr. (with permission)
James C. Huckaby, Jr.
Attorney for Defendant Bank of America
Christian & Small LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Phone: (205) 795-6588
Fax: (205) 328-7234

s/ K. Ann Broussard (with permission)
K. Ann Broussard
Attorney for Defendant Equifax
Information Services, LLC
King & Spading, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Phone: 404-572-460
Fax: 404-572-5100
ABroussard@kslaw.com

s/Brooke Werner McEckron (with permission)
Brooke W. McEckron
Attorney for Experian Information Solutions
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Phone: (404) 581-8339

s/Jeffrey U. Beaverstock (with permission)
Jeffrey U. Beaverstock
Attorney for Transunion, LLC
Burr & Forman, L.L.P.
P. O. Box 16046
Mobile, AL 36616-0046
Phone: (251) 345-8258
Fax: (251) 344-9696
jbeavers@burr.com