IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANITA COATS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO 09-0380-KD-B |
| | ) | |
| BANK OF AMERICA; EQUIFAX | ) | |
| INFORMATION SERVICES, LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; and TRANSUNION, | ) | |
| LLC; | ) | |
| | ) | |
| **Defendants.** | ) | |

## **ORDER**

This matter is before the Court on plaintiff's corrected request for leave to file amended complaint (doc. 47).  Plaintiff moves the Court for leave to file an amended complaint to correct the designation of defendant Bank of America, to correct some factual allegations, and to reflect the dismissal of defendant Equifax Information Services, LLC.  Plaintiff states that the amendment does not add any new claims or parties and will not delay prosecution of this action. An order was entered allowing defendants until December 7, 2009, to file any response (doc. 50), and no response was filed.  Accordingly, upon consideration and for the reasons set forth herein, the motion is **GRANTED**.  Plaintiff shall file her amended complaint on or before **December 23, 2009.**

Rule 15(a)(2) addresses amendment of pleadings before trial, and in relevant part, sets forth as follows:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. Rule 15(a)(2) (effective December 1, 2009).

The docket does not indicate that defendants gave their written consent.  Thus, the court must now consider whether justice requires that leave to amend should be freely given. See Laurie v. Alabama Ct. of Crim.App., 256 F.3d 1266, 1274 (11th Cir.2001).  In that regard, the federal rules generally favor allowing amendments. Dussouy v. Gulf Coast Investment Co., 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.")[1] (citations omitted); Fed. R. Civ. P. Rule 15(a)(2) (the "court should freely give leave when justice so requires.").  Therefore, in the absence of any substantial reason to deny the motion, such as undue prejudice to defendants, or undue delay, bad faith or dilatory motive on the part of the plaintiff, or repeated failure to cure deficiencies or futility, the interests of justice require that leave should be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962);  Garfield v. NDC Health Corp., 466 F. 3d 1255, 1270 (11th Cir. 2006)  Hargett v. Valley Fed. Savings Bank, 60 F. 3d 754, 761 (11th Cir. 1995) (quoting Foman, 371 U.S. at 182); Espey v. Wainwright, 734 F. 2d 748, 750 (11th Cir. 1984).

In the present case, plaintiff seeks to correct the designation of defendant Bank of America, correct some factual allegations, and to reflect the dismissal of defendant Equifax Information Services, LLC.  As plaintiff states, the proposed amendment does not add any new claims or parties.  Since the amendment will be filed approximately two months before the close of

---

[1] Although the case was decided after September 30, 1981, the Court of Appeals for the Eleventh Circuit has treated Dussuoy as binding precedent. Bank v. Pitt, 928 F.2d 1108, 1112 n. 4 (11th Cir. 1991) (overruled on other grounds by Wagner v. Daewoo Heavy Indus. America Corp., 314 F.3d 541 (11th Cir. 2002)).

discovery on February 26, 2010, allowing the amendment will not unduly delay prosecution. Defendants did not respond and therefore, did not alert the Court to any prejudice which may befall them should the amendment be allowed.  Also, there does not appear to be any lack of good faith, dilatory motive, or repeated failure to cure deficiencies on the part of plaintiff, or futility such that would preclude granting the motion for leave to file an amended complaint to reflect the changes identified in the motion.

As previously stated, the federal rules favor allowing a determination on the merits, Dussouy, 660 F. 2d at 598, and "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182, S.Ct. at 230.  Moreover, it appears that discovery has allowed the plaintiff to "define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957).  Accordingly, plaintiff's motion for leave to file an amended complaint is **GRANTED.**

**DONE** and **ORDERED** this 16th day of December, 2009.

      s / Kristi K DuBose  
      **KRISTI K. DuBOSE**  
      **UNITED STATES DISTRICT JUDGE**